IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

```
------------------------------------------------  :
                                                  : CASE NO.  1:10 CV 0318
SUTTON BANK,                                      :
                                                  :
                                 Plaintiff,       : MEMORANDUM OF OPINION AND
                                                  : ORDER GRANTING DEFENDANTS'
                     -vs-                          : MOTION FOR REMAND AND
                                                  : ATTORNEYS' FEES AND COSTS
                                                  :
DANIEL L. KLINER, et al,                          :
                                 Defendants.       :
------------------------------------------------  :
```

UNITED STATES DISTRICT JUDGE LESLEY WELLS

Before the Court is a motion for remand and attorneys' fees and costs, filed by

the defendants Daniel L. Kliner and Eileen A. Kliner[1] and new party plaintiff Kliner

Holstein Dairy (collectively, "the Kliners").  (Doc. 13).  The removing party, third-party

defendants Donald M. Graham and David R. Stieber ("Graham and Stieber") have filed

a response (Doc. 15) and the Kliners have replied.  (Doc. 18).  Having considered the

parties arguments and the applicable law, the Court will grant the Kliners' motion for

remand and will grant their motion for reasonable attorneys' fees and costs.

---

[1] This lawsuit names Daniel L. Kliner and Eileen A. Kliner individually and as
trustees of the Daniel L. Kliner and Eileen A. Kliner Revocable Living Family
Trust.

**I. Background**

Plaintiff Sutton Bank filed this lawsuit against defendants Daniel L. Kliner and Eileen A. Kliner, individually and as trustees, in the Ashland County Court of Common Pleas on 30 November 2009.  (Doc. 1-1).  Sutton Bank seeks recovery under state law for the Kliners' alleged default on a mortgage loan.  (Doc. 1-1).  The Kliners, joined by third-party plaintiff Kliner Holstein Dairy Farm, filed an answer and counterclaim as to Sutton Bank, and a third-party complaint against Donald M. Graham and David Stieber on 26 January 2010.  (Doc. 1-2).  The Kliners allege that third-party defendants Graham and Stieber have acted in violation of Section 5 of the Securities Exchange Act of 1933, Section 10(b) of the Exchange Act, and Rule 10b-5, among various state law claims. (Doc. 1-2).

Graham and Stieber filed a notice of removal with this Court on 12 February 2010.  (Doc. 1).  They maintain that removal is proper in this instance under 28 U.S.C. § 1441(b) and that jurisdiction exists under 28 U.S.C. § 1331 as the allegations in the Kliners' third-party complaint arise under the laws of the United States.   On 25 February 2010, the Kliners filed a motion for remand.  (Doc. 13).  The Kliners argue that Section 1441(b) does not provide an independent basis for removal.  They further maintain neither subsection (a) or (c) of 28 U.S.C. § 1441 permits third-party defendants such as Graham and Stieber to remove a state court action to federal court, pursuant to First National Bank of Pulaski v. Curry, 301 F.3d 456 (6th Cir. 2002).  (Doc. 13, pp. 3-4). The Kliners also argue that because Graham and Stieber have no objectively reasonable basis for removal, they are entitled to attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c).

2

**II. Law and Argument**

As an initial matter, the Kliners are correct that Graham and Stieber cannot effect

removal under Section 1441(b), as they have proposed in their notice of removal.  That

subsection is as follows:

> (b)  Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.  Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. §1441(b).  In First National Bank of Pulaski v. Curry, the Sixth Circuit

explicitly stated that Subsection (b) does not provide an independent basis for removal.

First National Bank of Pulaski v. Curry, 301 F.3d at 461, n. 3.  Rather, this provision

places a limitation on a party's right to remove a case on the basis of diversity under

Section 1441(a).  Id.

Therefore, if Graham and Stieber can remove at all, they must do so on the basis

of Section 1441(a) or Section 1441(c).  See Id.  Those portions of the removal statute

are as follows:

> § 1441. Actions removable generally
>
> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.
>
> * * *
>
> (c) Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its

3

discretion, may remand all matters in which State law predominates.

28 U.S.C. 1441.

Graham and Stieber's removal is improper under Section 1441(a), as that

provision expressly limits the removal power to the "defendant or the defendants." See

28 U.S.C. §1441(a). The Sixth Circuit Court of Appeals has held that third-party

defendants, such as Graham and Stieber, are not "defendants" for the purposes of

1441(a). First Nat'l Bank of Pulaski v. Curry, 301 F.3d 456, 462 (6th Cir. 2002).

Removal is also improper under Section 1441(c), as the Sixth Circuit has limited

applicability of this subsection to "claims *joined by the plaintiff* in the original state court

action." First National, 301 F.3d at 465(emphasis added); see also Fortuna v. Illinois

Sports Facilities Authority, 668 F.Supp.2d 1080, 1083 (N.D. Ill 2009)(concluding that

Section 1441(c) should be interpreted narrowly "to apply only to claims joined by the

plaintiff in the original state court action"); Hill v. McMillan,1:08CV2928, 2009 WL

368422, at *1 (N.D. Ohio February 12, 2009)("[T]hird party defendants may not remove

a case where the original complaint does not confer federal jurisdiction"); Goff v. Goff,

Civ. 05-274, 2006 WL 319045, at *3 (In this circuit, the term "joined" is strictly construed

to include only those "claims joined by the plaintiff in the original state court action").

Graham and Stieber have based their removal on federal claims brought by the Kliners,

who are the defendants in the original state court action. Therefore, removal is

improper under Section 1441(c).

Graham and Stieber argue, however, that First National is distinguishable and

therefore inapplicable, because the present case, unlike First National, involves

separate and independent claims over which the Court has exclusive jurisdiction. (Doc.

4

15).  Alternatively, Graham and Stieber maintain that remand is inappropriate in this instance, since the Kliners' securities fraud claims are purportedly subject to arbitration under the Federal Arbitration Act.  (Doc. 15, p. 5).

First, as noted by the Kliners, the separate and independent requirement is necessary, but not sufficient, for removal under Section 1441(c).  See First National, 301 F.3d at 465.  Such claims must be separate and independent *and* must be joined by the plaintiff in the original state court action.  Id.  Therefore, accepting for the sake of argument that the Kliners' claims are separate and independent, the Court concludes that removal is nonetheless improper since their claims are not joined by the plaintiff Sutton Bank.

Second, Graham and Stieber's attempts to distinguish First National on the basis of the Court's purported exclusive jurisdiction over the Kliners' federal claims are also unpersuasive.  When applying Section 1441, this Court must construe it narrowly so as to avoid federal intrusion into state court jurisdiction.  Brierly v. Alusuisse Flexible Packaging, Inc., 184 F.3d 527, 534 (6th Cir. 1999).  However, Graham and Stieber maintain that because the Court has exclusive jurisdiction over the Kliners' securities fraud claims, there are no issues of comity and federalism implicated here.  As a consequence, they argue that the Court is not obligated to narrowly construe Section 1441, as it would in the typical removal case.  This argument is without merit.  The risk of federal intrusion into state court jurisdiction is still very much at play in this case, as Sutton Bank's original lawsuit was brought under state law and in a state court. Therefore, the Court is no less inclined to construe the removal statute narrowly; nor will

it ignore the clear holding of First National.  Even if the Kliners' federal claims properly belong in federal court, removal is not the means by which they will arrive here.

Further, the Court rejects the argument that the strong federal policy favoring arbitration dictates a denial of remand.  Any consideration given to the policy goals of the Federal Arbitration Act presumes that the Court has properly taken jurisdiction of this matter.

Therefore, because Graham and Stieber have no basis for removal under 28 U.S.C. §1441, the Kliner's motion for remand will be granted.


*The Kliners' Motion for Attorneys' Fees and Costs*

The Kliners request an award of attorneys' fees and costs associated with the preparation of their motion for remand.  Under 28 U.S.C. §1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of removal."  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."  Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).

Graham and Stieber's improper removal has delayed resolution of the case, imposed additional expenses on the parties, and wasted judicial resources.  Because Graham and Stieber have not advanced an objectively reasonable basis for seeking removal, the Court, in its discretion, concludes that an award of fees and costs is warranted in this instance.  The Sixth Circuit's ruling in First National is crystal clear and directly on point.

Not one of Graham and Stieber's various arguments as to the objective reasonableness of removal has merit.  First, Graham and Stieber's argument that removal was objectively reasonable because "the plaintiff's alleged right to relief arises under federal law" misstates the facts.  (Doc. 15, p. 6).  The plaintiff in this case, Sutton Bank, asserts no federal claims, and there is no suggestion that issues of federal law are implicated in their resolution.

Second, the so-called "flexible test" to which Graham and Stieber refer, does not govern the question of whether removal was objectively reasonable.  See Grable & Sons Metal Prods., Inc. v. Darue Engineering & Manufacturing, 545 U.S. 308 (2005)(establishing the standard for when, even in the absence of a federal right of action, a federal court may exercise subject matter jurisdiction over a cause of action that raises a "substantial" unsettled federal question).

Finally, Graham and Stieber's argument that it is objectively reasonable for a party to attempt to preserve its right of removal, given the brief thirty day period in which a party may remove under 28 U.S.C. § 1446(b), is an overly broad reading of a case from the Eleventh Circuit.  See Bauknight v. Monroe County, Fla., 446 F.3d 1327, 1331-32 (11th Cir. 2006)(holding that a party's efforts to preserve its rights of removal were not objectively unreasonable given the time constraints of 28 U.S.C. § 1446(b) and an uncertainty whether the opposing party had reserved federal constitutional claims).  Graham and Stieber's interpretation of Bauknight would make any removal objectively reasonable as long as it occurred within the statutory time limit.

Therefore, given that removal is not fairly supported by applicable law, an award of fees and costs is warranted.

7

### III. Conclusion

For the foregoing reasons, the Court grants the Kliners' motions, and this case is hereby remanded to the Ashland County Court of Common Pleas.  Graham and Stieber are ordered to pay the Kliners' reasonable attorneys' fees and costs incurred as a result of removal.


IT IS SO ORDERED.

                                        /s/ Lesley Wells
                                    UNITED STATES DISTRICT JUDGE

Date: 6 April 2010